UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

AMY FOSTER,

     Plaintiff,

                                      CASE NO:   3:10cv-234-S

vs.

BC WOOD INVESTMENT FUND I, LLC a foreign
limited Liability company,

     Defendant.

_____/

## COMPLAINT

     Plaintiff, Amy Foster ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues BC Wood Investment Fund I, LLC, a foreign limited liability company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans With Disabilities Act" or "ADA") and allege:

### JURISDICTION AND PARTIES

     1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331, 1343 and 1367.

     2.     Venue is proper in this Court, the Western District of Kentucky, pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Kentucky.

     3.     Plaintiff, Amy Foster (hereinafter referred to as "Ms. Foster") is a resident of the State of Kentucky and is a qualified individual with a disability under the ADA.  Ms. Foster suffers from

what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990,

("ADA") and all other applicable Federal statutes and regulations to the extent that she requires the

use of a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the

instant action, Ms. Foster visited the Defendant's premises at issue in this matter, and was denied

full, safe and equal access to the subject property of Defendant due to its lack of compliance with the

ADA. Ms. Foster continues to desire and intends to visit the Defendant's premises but continues to

be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, BC Wood Investment Fund I, LLC, (hereinafter referred to as "BC

Wood" or "defendant" ) is a foreign limited liability company, registered to do business and, in fact,

conducting business in the State of Kentucky.  Upon information and belief, BC WOOD is the

owner, lessee and/or operator of the real property and improvements, that is the subject of this action,

specifically, the Dixie Manor Shopping Center, located at 101-160 South Dixie Hwy, Louisville,

Kentucky (hereinafter referred to as the "Shopping Center").

5.      All events giving rise to this lawsuit occurred in the Western District of Kentucky.

## COUNT I - VIOLATION OF THE ADA

6.      On or about July 26, 1990, Congress enacted the Americans With Disabilities Act

("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years

from enactment of the statute to implement its requirements.  The effective date of Title III of the

ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center owned

and/or operated by BC WOOD is a place of public accommodation in that it is a retail Shopping

Center operated by  a private entity that provides goods and services to the public.

2

8.      Defendant BC WOOD has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq.*

9.      The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center owned and/or operated by BC WOOD. Prior to the filing of this lawsuit, Plaintiff visited the Shopping Center at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to utilize the Shopping Center, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Shopping Center in violation of the ADA. Ms. Foster has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.     BC WOOD is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.      There are an insufficient number of accessible parking spaces;
ii.     There are an insufficient number of "van" accessible parking spaces;
iii.    There are accessible parking spaces throughout the facility that are improperly designated and/or striped;

3

iv.     There are several accessible parking spaces throughout the facility that lack proper signage;

v.      There are parking spaces at the facility that are located on an improper slope;

vi.     The accessible parking spaces at Dots have no ramps;

vii.    There are ramps at the facility without tactile markings;

viii.   The ramp at Buffalo Wild Wings is located in the access aisle and is too steep;

ix.     The ramp at Marshall's is located inside the access aisle;

x.      The ramp at Furniture Liquidation is inside the parking space and is too short;

xi.     The ramps at Fuji Asian Bistro are in the access aisles;

xii.    The ramp at the Theater is in the access aisle and is too short;

xiii.   The access aisle at Staples is too narrow;

xiv.    The ramp at Skyline Chili's is too steep and contains improper cross-slopes;

xv.     There are dangerous cracks and uneven pavement throughout the facility;

xvi.    There are slopes in the public walkway in front of Marshall's that are too steep and lack proper handrails;

xvii.   The outside ticket counter at the Theater is too high;

xviii.  There are inaccessible elements inside the movie theater including, but not limited to: bathrooms, seating and service counters.

12.     There are other current barriers to access and violations of the ADA at the Shopping Center owned and/or operated by BC WOOD that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, BC WOOD was required to make its Shopping Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, BC WOOD has failed to comply with this mandate.

15.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and

expenses paid by BC WOOD pursuant to 42 U.S.C. §12205.

16.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against BC WOOD, and requests the following injunctive and declaratory relief:

A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated:  March 18, 2010                    Respectfully submitted,

s/Jerry N. Higgins
Jerry N. Higgins, Esquire
Kentucky Bar No: 90310
Law Office of Jerry N. Higgins, PLLC
3426 Paoli Pike
Floyds Knobs, IN  47119
(502) 625-3065-Telephone
(502) 625-7264-Facsimile
jnh@jerryhigginslaw.com

5

Stephan M Nitz, Esquire
Schwartz, Zweben LLP
3876 Sheridan Street
Hollywood, FL  33021
(954) 966-2483-Telephone
snitz@szalaw.com
Attorneys for Plaintiff